1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

11
12

| | |
|---|---|
| KARUNA RAIZADA,<br><br>            Plaintiff,<br><br>    vs.<br><br>MERRILL LYNCH, PIERCE,<br>FENNER & SMITH,<br>INCORPORATED; and DOES 1-<br>150, inclusive,<br><br>          Defendants. | CASE NO.  SACV 10-521-AG (MANx)<br><br>**ORDER ON STIPULATION FOR<br>PROTECTIVE ORDER** |

13
14
15
16
17
18
19
20

21      Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on
22  the parties' Stipulation for Protective Order, filed on July 7, 2010, the terms of the
23  Stipulation for Protective Order are adopted as a protective order of this Court,
24  except to the extent, as set forth below, that those terms have been modified by the
25  Court's amendment of Paragraph 11, 12, 13(a), and 17.
26
27      The parties are expressly cautioned that the designation of any information,
28

document, or thing as "Confidential" does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal.  Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as "Confidential" is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases.  In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The parties' mere designation of any information, document, or thing as "Confidential" does not -- without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectible -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected.  *See* <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectible in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting

only the confidential, privileged, or otherwise protectible portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

**<u>TERMS OF STIPULATION FOR PROTECTIVE ORDER</u>**

1.    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, this Order shall govern the handling of any information produced or disclosed by any party or non-party in this action.

2.    For the purpose of this Protective Order, "information" is defined broadly to include information in any form, whether provided in response to a request for information, in documents, or in testimony.  "Document" is defined broadly to include tangible paper as well as information stored electronically on disc, tape or otherwise.

3.    The parties acknowledge that they will be exchanging confidential or proprietary information solely because they are parties to the above-captioned case and therefore agree that all information exchanged between them that is designated as confidential will be used only for purposes of this case and any litigation or arbitration relating to the claims alleged in this action and/or alternative dispute resolution efforts between the parties hereto and for no other purpose.

4.    A party may mark documents produced by that party in discovery falling into the following categories as "Confidential" on the face of the document along with an indication identifying the producing party:

(a)    The following information regarding parties, Merrill Lynch clients, witnesses or other individuals:  name, address, Social Security

number, date of birth, medical records, telephone records/numbers, wage and benefit data, account numbers, tax records, and other financial information such as credits, loans, or other business transactions, assets, and/or income data;

(b)     Proprietary trade secret, proprietary financial, competitive and/or other proprietary information of Merrill Lynch, including, but not limited to, any manuals, guidelines, procedures and/or policies generated for the internal use of Merrill Lynch management and/or employees, and notes, correspondence and/or documents referring thereto;

(c)     All documents contained in Merrill Lynch's employee personnel or other files; and

(d)     Proprietary trade secret, proprietary financial, competitive and/or other proprietary information of Merrill Lynch.

5.     A party seeking to designate as "Confidential" any document falling into the categories set forth in paragraph 4 shall notify the other party by labeling the documents "Confidential" on the face of the document along with an indication identifying the producing party, and the adverse party receiving the information shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others listed in paragraph 13 who have received the information treat it as confidential.

6.     If the confidential information is contained in a document produced by someone other than the party seeking to designate the document as confidential, the party seeking to designate the information as confidential shall notify the other party in writing that it considers the information confidential and the adverse party receiving the information shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who have received the information treat it as confidential.

7.     If the confidential information is contained in a response to a request for information or other interrogatory by the party seeking confidential treatment, the party shall designate the response as confidential when responding to the request.  If the information is contained in a response by someone other than the party seeking confidential treatment, the party seeking to designate the information as confidential shall notify the other party in writing that it considers the information confidential and the adverse party receiving the information shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who have received the information treat it as confidential.

8.     A party also may mark as "Confidential" any information set forth in the transcript of any deposition taken in this action falling into the categories set forth in paragraph 4.

9.     If the confidential information is contained in testimony offered at the hearing of the case or otherwise, the party seeking to designate the information as confidential shall do so on the record at the time the testimony is offered or as soon thereafter as practical.

10.     Information inadvertently disclosed without being designated "Confidential" may thereafter be designated confidential by promptly notifying the party receiving the information in writing that such information is confidential and the receiving party shall thereafter treat the information as confidential and shall take the steps it deems reasonably necessary to ensure that others who receive the information treat it as confidential.

ORDER  ON STIPULATION FOR PROTECTIVE ORDER
SACV 10-521-AG (MANx)

11.     If any party receives from a third party a subpoena, discovery request or other demand for confidential information disclosed in this case or a related court order, the party receiving the subpoena, discovery request or other demand for confidential information or related court order shall promptly notify the party who demanded confidential treatment that it has received a demand for the information and shall take all steps reasonably necessary to preserve the confidentiality of the information.  The party who receives the subpoena, discovery request or other demand for confidential information shall not provide any response or information until at least fifteen (15) days have passed from said notice, absent a court order requiring the response or information to be provided at an earlier date, so that the party who demanded confidential treatment has adequate time to take legal steps to preserve the confidentiality of said information.  The party seeking to preserve the confidentiality shall pay the reasonable expense of such efforts, and the party in possession of the confidential information shall reasonably cooperate with the party who designated the information as confidential in seeking a protective order or other limitation on disclosure of the confidential information.

12.     Any document, response, testimony or information which has been marked as "Confidential" may and shall be used solely for the purpose of, in connection with and to prepare for this action.  Neither the original nor any copy of any document, response, testimony or information which has been marked as "Confidential" nor any excerpt, quotation, paraphrase or other description thereof which conveys the confidential contents thereof (hereinafter all collectively referred to as "Confidential Material") shall be disclosed to any person, or used for any purpose, except in accordance with the terms of this Protective Order or pursuant to court order.

ORDER  ON STIPULATION FOR PROTECTIVE ORDER
SACV 10-521-AG (MANx)

13.     Access to and disclosure of Confidential Material shall be limited, except as otherwise provided herein, or agreed to by the parties to this Protective Order, or as otherwise ordered by the Court, to:

(a)     The United States District Court, Central District of California and all clerks, other personnel and jurors in the United States District Court, Central District of California, before which this action is pending;

(b)     The parties to this action and those employees, officers and directors of the parties who reasonably need access to the Confidential Material in connection with the prosecution or defense of this action, the attorneys of record for said parties, and their associates and stenographic, clerical and paralegal employees, provided that before counsel discloses any Confidential Material counsel shall provide the person to whom the disclosure is to be made with a copy of this Protective Order and that person shall agree to abide by its terms;

(c)     Any person whose deposition is taken in this action or who is being prepared by counsel to give testimony at deposition or trial, such person being prohibited from the use or disclosure of Confidential Material by paragraph 14 below, and the Court reporter at any such deposition; and

(d)     Outside experts and consultants for any party, including their stenographic and clerical personnel, whose advice or consultation is being or will be used by such party in connection with this action, provided that such outside expert or consultant first be shown a copy of the Protective Order and agree to abide by its terms.

14.     The attorneys for a party may disclose Confidential Material to any person in the course of a deposition taken in this action or in the course of preparing any witness to give testimony at deposition or trial; provided, however, that the witness first must be shown this Protective Order and agree to abide by its terms.  Any deponent or witness who is not a party or an employee, officer or

- 7 -

director of a party shall not retain the original or any copy of any such Confidential Material and only may be shown such material.  Deponents and witnesses shall make no disclosure or use of such Confidential Material, or any part thereof, except to respond to deposition questions during the course of a deposition taken in this action or at trial or otherwise in accordance with this Protective Order.   Any deponent or witness who is not a party or an employee, officer or director of a party who is shown any Confidential Material shall first be provided a copy of this Protective Order and shall be informed, as part of the transcribed or reported deposition, that disclosure or other use of Confidential Material, or any part thereof, is controlled by this Protective Order and must be in accordance with this Protective Order.  No copy of any portion of any deposition transcript or deposition exhibit for a deposition in this action which contains Confidential Material shall be furnished by the reporter to any person not identified in paragraph 13 above.

15.    Nothing in this Protective Order shall require disclosure of any material that a party contends is protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

16.    The entering into this Protective Order shall not and does not constitute an admission or concession or permit an inference that any document, response, testimony or information designated as "Confidential Material" is, in fact, confidential or contains Confidential Material.   Conversely, any disclosure of Confidential Material under this Protective Order shall not be construed as a waiver of the confidentiality of the information.

17.    Any party, through counsel, may make a good faith written objection to the designation of any document, response, testimony or information as "Confidential Material."   Before filing any motion for an order compelling

- 8 -

disclosure of and/or access to such material without restriction, the objecting party shall first confer with the party that designated the information as Confidential to resolve the dispute without the intervention of the Court.  If it is not possible to resolve the dispute, the party seeking to have the confidentiality designation removed shall make a motion before the Court.  However, the party designating information, documents or things as Confidential bears the burden of establishing the propriety of the Confidential designation.  The failure to seek to remove the confidential designation shall not be construed as a concession that the information is confidential.

18.    Production or disclosure of documents or information subject to the attorney-client privilege, common interest privilege, work product immunity or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege.

(a)    If a party produces or otherwise provides discovery of any document or information that it believes is subject to a claim of attorney-client privilege, common interest privilege, or work product immunity, the producing party may give written notice to the receiving party that the document or information is subject to a claim of attorney-client privilege, common interest privilege or work product immunity and request that the document or information be returned to the producing party.  The receiving party shall return to the producing party within five (5) business days all copies of such document or information and shall return or destroy all excerpts and summaries thereof.  Unless and until there is a Court determination that the document or information is not properly subject to a claim of privilege, no use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to

- 9 -

the request that they be returned.  Return of the document or information by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or information is, in fact, properly subject to a claim of attorney-client privilege, common interest privilege or work product immunity, nor shall it foreclose the receiving party from moving for an Order that such document or information has been improperly designated as subject to a claim of attorney-client privilege, common interest privilege, or work product immunity or should be produced for reasons other than waiver caused merely by production.

(b)   The disclosure of any privileged documents or information shall not be deemed a waiver of that privilege as to any other documents, testimony, evidence or information.

19.   A party that intends to file with the Court any Confidential Material shall give notice of such intent to the party or non-party that so designated the Confidential Material at least fourteen (14) calendar days before the filing of the Confidential Material, unless such filing is in connection with an application for relief on an ex parte basis or in connection with a motion that is to be heard on shortened time, in which case the party filing the Confidential Material shall provide the earliest practicable notice.  Such notice shall include specific identification of the Confidential Material to be filed.  The party or non-party that designated the Information as Confidential Material may then file a motion to seal pursuant to Local Rule 79-5 or other applicable law; absent doing so by the notice of filing date will mean that the Confidential Material may be publicly filed.  If such motion is filed, during its pendency the party filing the Confidential Material shall lodge the Confidential Material with the Court under seal in a manner consistent with applicable law.

20.    After termination of this action, each party shall continue to maintain and limit access and disclosure to Confidential Material in the manner provided in this Protective Order.   Moreover, upon the request of the party producing and marking documents "Confidential," any other party or individual in possession of such documents will return them to the producing party.

21.    This Protective Order may be modified in part or entirely by written agreement of the parties hereto or upon application to and entry of an Order by the Court for good cause shown.

**IT IS SO ORDERED.**

Dated:  October 6, 2010

_Margaret A. Nagle_
MARGARET A. NAGLE
UNITED STATES MAGISTRATE